UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Advanced Health Strategies, Inc. et al., | Case No. 14-mc-51 (JNE/FLN) |
| Petitioners, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States, | |
| Respondent. | |

Guy Anderson and Theresa Anderson, *pro se*, for Petitioners.
Harris Phillips for Respondent.

**THIS MATTER** came before the undersigned United States Magistrate Judge on December 1, 2014 on Respondent's motion to summarily deny the petition to quash IRS summonses (ECF No. 8). The matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636. For the reasons set forth below, the Court recommends that Respondent's motion be **GRANTED**, and the Petitioner's petition be **DISMISSED**.

## I. FINDINGS OF FACT

The Internal Revenue Service ("IRS") is examining the federal income tax liabilities of Petitioners Advanced Health Strategies, Inc., Guy W. Anderson, and Theresa A. Anderson (collectively, "Petitioners") for the 2008 to 2013 tax years. Teberg Decl. ¶ 3, ECF No. 11. On August 8, 2014, Revenue Agent Emily Teberg issued third-party summonses to Bell State Bank and Trust, Security State Bank, and American Federal Bank seeking records related to the 2008 to 2013 tax years. *Id.* ¶ 4. Petitioners were also served with copies of the summonses. *Id.* ¶ 8.

On August 25, 2014, Petitioners filed a petition to quash the summonses pursuant to 26 U.S.C. § 7609(b)(2). Petitioners argue that they are not subject to the summonses and to the

examination authority of revenue agents of the United States. *See generally* Pet. to Quash Third Party Summons, ECF No. 1. Conversely, Respondent argues that the summonses are proper and should be enforced under 26 U.S.C. § 7602 and *United States v. Powell*, 379 U.S. 48 (1964).

## II. ANALYSIS

In order to enforce the summonses, the IRS must make a *prima facie* showing that the summonses were issued in good faith. *United States v. Swanson Flo-Sys., Co.*, No. 11-mc-12, 2011 WL 1831710, at *2 (D. Minn. Apr. 13, 2011). This requires establishing that (1) the investigation is being conducted pursuant to a legitimate purpose, (2) the inquiry is relevant to that purpose, (3) the information sought is not already within the IRS's possession, and (4) the required administrative steps have been followed. *Powell*, 379 U.S. at 57–58. The burden on the IRS to make a *prima facie* showing as to the *Powell* requirements is "slight." *Robert v. United States*, 364 F.3d 988, 996 (8th Cir. 2004). "The IRS may satisfy its burden by merely presenting a sworn affidavit of the issuing officer or agent attesting to these facts." *Swanson Flo-Sys.*, 2011 WL 1831710, at *2. Here, the IRS attached to its motion the affidavit of Revenue Agent Teberg, who attested to the IRS's compliance with all four of the *Powell* requirements. *See* ECF No. 11 ¶¶ 3, 4, 10–12. The Court finds that this declaration satisfies the Respondent's burden under *Powell*.

Once the *prima facie* case is established, the burden shifts to the taxpayer to disprove one of the *Powell* requirements or demonstrate that the enforcement of the summons would constitute an abuse of the Court's process. *Swanson Flo-Sys.*, 2011 WL 1831710, at *2. In the present case, Petitioners have not presented any evidence that the *Powell* requirements have not been met. Instead, Petitioners argue that Title 26 of the United States Code is not positive law, and under the Statutes at Large, they are not subject to the IRS subpoenas. *See generally* ECF No. 1. This argument is without merit. *See Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985) ("Congress's failure to enact

a title into positive law has only evidentiary significance and does not render the underlying enactment invalid or unenforceable. Like it or not, the Internal Revenue Code is the law . . . ." (internal citations omitted)); *Hibben v. United States*, No. 3:08-mc-25, 2009 WL 2633137, at *2–4 (E.D. Tenn. June 19, 2009) (dismissing argument that under the statutes at large, the taxpayer did not fall into the class of persons subject to IRS subpoenas), *report and recommendation adopted by* 2009 WL 2105985 (E.D. Tenn. June 19, 2009). Therefore, the Court finds that the IRS summonses were issued in good faith, and the Petitioner's arguments for quashing the summonses fail.

### III. RECOMMENDATION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Respondent's motion to summarily deny petition to quash IRS summonses be **GRANTED**, Petitioner's petition to quash third party summonses be **DENIED**, and Petitioners' claims be **DISMISSED WITH PREJUDICE**.

DATED: December 11, 2014                                          *s/Franklin L. Noel*
                                                                                        FRANKLIN L. NOEL
                                                                                        United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 29, 2014**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by December 29, 2014 a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.